UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 08 3188

MARY FORBES,

           Plaintiff,

--against--   (NSF)

NCO FINANCIAL SYSTEMS, INC.
AND MARGARET WILDE,

           Defendant

Case No.:

COMPLAINT

JURY TRIAL
DEMANDED

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
AUG 05 2008
LONG ISLAND OFFICE

SEYBERT, J.
BOYLE, M.

### I. Preliminary Statement

1.      Plaintiff, Mary Forbes, brings this action for illegal practices of NCO Financial Systems, Inc., and Margaret Wilde, (hereinafter "Defendants"), who used false, deceptive, and misleading practices in conjunction with an attempt to collect an alleged debt. Plaintiff alleges that the Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. (hereinafter "FDCPA"). Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees.

### II Jurisdiction

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k and 28 U.S.C. §1331. Venue in this District is appropriate because pertinent events took place here.

## III Parties

3. Plaintiff, Mary Forbes, is a natural person, who resides at 525 Riverleigh Ave, Riverhead, NY. Defendant wrote to her at this address, which is within the Eastern District of New York. She is a "consumer" as defined by § 1692a (3) of the FDCPA.

4. Defendant NCO Financial Systems Inc. is, upon information and belief, a foreign business corporation and maintains a place of business located at 507 Prudential Blvd, Horsham, PA, 19044. The Defendant is a debt collector in that it regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes. Defendant does business in the Eastern District of New York.

5. Co-Defendant Margaret Wilde was at all relevant times herein, a collector employed by NCO Financial System Inc. who collected debts on NCO Financial System Inc.'s behalf.

## IV. First Cause of Action
## Fair Debt Collection Practice Act

6. That Plaintiff is alleged to have incurred debt in the amount of $7,500.00 for credit card bills. Plaintiff does not believe she ever owed these funds, which were never properly billed to her.

7. That at a time unknown to the Plaintiff, the alleged debt was forwarded to the Defendants for the purpose of commencing debt collection activity.

8. That in the attempt to collect the alleged debt referenced in paragraph 6 heretofore, the Defendant contacted the Plaintiff by letter in 2007-2008. Said letters did not contain the statutory notices required by the FDCPA.

9. Furthermore, this claim is time barred and is otherwise not due and owing, or is substantially overstated.

10. Thereafter Defendants telephoned Plaintiff to collect this debt on Saturday, August 4, 2007 and Monday August 6, 2007. Collector Wilde repeatedly lied to Plaintiff, identifying herself as a New York attorney from "The Law Offices of Margaret Wilde." Defendant told Plaintiff she did not need an attorney and should just pay the bill, or that she would garnish her pay in the amount of 25%. Additionally she never orally delivered the statutory notices and alleged that the amount due would go up substantially if the bill was not paid immediately. Such representations were egregiously false and unconscionable and Defendant Wilde's impersonation of an attorney were criminal as well.

11. Defendants also slandered Plaintiff's credit in violation of the Fair Credit Reporting Act and the Fair Credit Billing Act.

### V. Statement of Claim

12. The defendants violated the FDCPA. These violations include but are not limited to the following:

(a) Violation of 15 U.S.C. § 1692c by continuing communication in connection with debt collection.

(b) Violation of 15 U.S.C. § 1692d by engaging in conduct the natural consequences of which is to harass, oppress or abuse any person in connection wit the collection of a debt.

(c) Violation of 15 U.S.C. § 1692e by engaging in false, deceptive and misleading representations in connections with the collection of an alleged debt.

(d) Violation of the FCRA and FCBA, and other applicable law.

## VI. First Claim For Relief

13. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, actual damages and attorneys fees, all pursuant to 15 U.S.C. § 1692k, and other applicable law.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor for:

A. Statutory damages in the amount of $1,000.00 (One Thousand Dollars) pursuant to 15 U.S.C.§ 1692k;

B. Actual damages;

C. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. §1692k;

D. Such other and further relief as may be just and proper.

DATED:  Smithtown, New York
        July 21, 2008

                                                Yours, etc.,


                                                Edward J. Grossman
                                                Attorney for Plaintiff
                                                135 W. Main Street
                                                Smithtown, NY  11787
                                                (631) 265-5864

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARY FORBES,

                    Plaintiff,        Case No.:

      --against--                      COMPLAINT

NCO FINANCIAL SYSTEMS, INC.
AND MARGARET WILDE,

                    Defendants

---

## COMPLAINT

---

Dated:  July 21, 2008
          Smithtown, New York

                                                Edward J. Grossman

Edward J. Grossman, Esq.
Attorney for Plaintiff
135 W. Main Street
Smithtown, NY 11787
Ph: 631-265-5864